UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 4:21-cv-10009-JEM/Becerra

FLORIDA KEYS COMMERCIAL
FISHERMAN'S ASSOCIATION, LLC,
et al.,

    Plaintiffs,

v.

STATE OF FLORIDA FISH AND
WILDLIFE CONSERVATION
COMMISSION, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION
ON DEFENDANTS' AMENDED MOTION TO DISMSISS**

**THIS MATTER** is before the Court on Defendants, State of Florida Fish and Wildlife Conservation Commission ("FWC") and Eric Sutton's ("Sutton") (collectively "Defendants") Amended Motion to Dismiss Complaint ("Motion to Dismiss"), ECF No. [37]. Plaintiffs Florida Keys Commercial Fisherman's Association, LLC, ("FKCFA") and Tim Randolph Daniels ("Daniels") (collectively "Plaintiffs"), filed their Response to Defendants' Motion to Dismiss, ECF No. [41], and Defendants filed their Reply, ECF No. [43]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United State District Judge. ECF No. [26]. The undersigned held a hearing on this matter on May 3, 2021 (the "Hearing"). ECF No. [47]. For the reasons stated below, the undersigned respectfully recommends that Defendants' Motion to Dismiss be **GRANTED** and that Plaintiffs' Complaint, ECF No. [1], be **DISMISSED WITHOUT PREJUDICE.**

1

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On January 15, 2021, Plaintiffs filed their Complaint pursuant to 42 U.S.C. § 1983. ECF No. [1]. Therein, Plaintiffs allege that various Florida Administrative Codes that regulate the commercial fishing of pompano in federal waters violate the Equal Protection Clause, the Supremacy Clause, and the United States Constitution. *Id* .at 8–12. Specifically, Plaintiffs' Complaint identifies four Florida regulations including: (1) F.A.C. 68B–35.002(10), which defines the Pompano Endorsement Zone[1] ("PEZ"); (2) F.A.C. 68B–35.002(14), which defines the Special Permit Zone; (3) F.A.C. 68B–35.004, which sets out the allowable gear for fishing pompano; and (4) F.A.C. 68B–35.005, which sets out the regulations for fishing pompano in the PEZ. *Id.* at 3.

Ultimately, Plaintiffs' claims arise from the FWC's regulations, which allegedly limit Florida fisherman and Florida registered vessels from harvesting pompano in the Gulf of Mexico Exclusive Economic Zone ("EEZ").[2] Specifically, Plaintiffs allege that the FWC's regulations prohibit Florida fisherman and Florida vessels from fishing for pompano in all portions of the EEZ except for the PEZ, a restriction that only exists for Florida fisherman as the state regulations do not apply to non-Florida citizens. *Id.* at 5. As such, Plaintiffs' main contentions are that the regulations: (1) have a discriminatory impact on all Florida fisherman because "only they are prohibited from commercial harvest of pompano in the Gulf of Mexico EEZ outside of the Pompano Endorsement Zone," *id.* ¶ 16; (2) are preempted by the supremacy clause of the United

---

[1] As defined by the FWC, PEZ is a zone in federal waters within the Gulf of Mexico Exclusive Economic Zone (EEZ). PEZ lies between Cape Sable and Hurricane Pass in Collier County. Within this zone, commercial fisherman—who hold a pompano endorsement—are legally able to use gill nets to capture pompano.

[2] Although the EEZ generally begins within three nautical miles from a state's territorial border, Florida's border in the Gulf of Mexico extends approximately nine nautical miles from the coastline. Art. II, § 1(a), Fla. Const.

2

States Constitution given that they are in direct conflict with the Magnuson-Stevens Fishery Act[3] (the "Magnuson Act"), *id.* ¶ 17; and (3) violate the Florida Constitution and deny Florida fishermen their due process rights, *id.* ¶¶ 25–28. Plaintiffs' Complaint seeks a preliminary and permanent injunction against Defendants to prohibit the enforcement of the regulations that are "illegally promulgated by the FWC." *Id.* ¶ 30.

In their Motion to Dismiss, filed on April 19, 2021, Defendants argue that Plaintiffs' Complaint should be dismissed for various reasons, including the FWC's immunity from suit, Plaintiffs' lack of standing, Plaintiffs' lack of subject matter jurisdiction, the Complaint resembles a shotgun pleading, the statute of limitations, and Plaintiffs' failure to state a claim. ECF No. [37]. First, Defendants contend that the FWC cannot be sued because, as an agency of the state of Florida, it "is immune from any § 1983 claim." *Id.* at 5. Second, Defendants contend that Plaintiffs lack standing because (1) they are litigating under the wrong or impermissible name; (2) they fail to allege an actual injury; and (3) even if they could allege an actual injury, it would not be redressable. *Id.* at 6–8. Third, Defendants contend that Plaintiffs lack subject matter jurisdiction because there is no diversity or federal question presented that would give rise to the Court's jurisdiction. *Id.* at 10. Fourth, Defendants contend that Plaintiffs' Complaint resembles a shotgun

---

[3] The Magnuson Act is a Federal Act that governs the management of marine fisheries in U.S. waters. The Magnuson Act empowers the federal government through its Regional Management Fishery Councils to create a fishery management plan ("FMP") for certain species of marine life within the EEZ that need conservation and management. 16 U.S.C. § 1852(h)(1). Under the Magnuson Act, states have exclusive jurisdiction to regulate vessels within their waters up to three nautical miles from their territorial borders (i.e., the waters before the EEZ). 16 U.S.C. § 1856(a)(2)(c)(i). However, beyond three nautical miles of a state's territorial boundary (or nine nautical miles in the case of Florida), the EEZ begins and extends for 200 nautical miles from the state's border. *See* Proclamation No. 5030, 48 Fed. Reg. 10605 (Mar. 10, 1983). Although the EEZ is federally governed, the Magnuson Act allows states to regulate vessels within the EEZ under certain circumstances including when the "fishing vessel is registered under the law of that State, and [] there is no fishery management plan or other applicable Federal fishing regulations for the fishery in which the vessel is operating . . . ." 16 U.S.C. § 1856(a)(3)(A).

pleading in that it "clusters several distinct federal claims into Count I." *Id.* at 12. Fifth, Defendants contend that Plaintiffs' claims are time barred given that the regulations have been in effect for twenty years and the statute of limitations for the present action is four years. *Id*. Finally, Defendants contend that Plaintiffs' Complaint fails to state a claim given that the Complaint lacks any factual allegations and is mostly comprised of conclusory legal assertions. *Id.* at 13.

On April 23, 2021, Plaintiffs filed their Response to Defendants' Motion to Dismiss. ECF No. [41]. Although some of the arguments lack clarity, Plaintiffs advance the theory that there is an exception to the immunity afforded to the state by the Eleventh Amendment that should apply to this case. *Id.* at 8. Next, Plaintiffs contend that they have standing because the "State Pompano Regulations . . . clearly have an economic impact on the Plaintiffs." *Id.* at 10. Plaintiffs also contend that they have subject matter jurisdiction, given that the issue revolves around the Magnuson Act. *Id.* Finally, Plaintiffs argue that the statute of limitations does not bar their Complaint because it is an affirmative defense which Plaintiffs are not required to negate in their Complaint. *Id.* at 11.

On April 30, 2021, Defendants filed their Reply. ECF No. [43]. In their Reply, Defendants re-assert that the Eleventh Amendment bars Plaintiffs' suit against Defendant FWC because there is no applicable exception in suits against the states and their agencies. *Id.* at 5. Next, Defendants re-assert that Plaintiffs lack standing because Plaintiffs generally allege that "all Florida Fishermen" have been harmed and fail to provide any specific injury to Plaintiffs, including Plaintiff Daniels. *Id.* at 6–7. Defendants also argue that the Court may consider the statute of limitations because it is based on judicially noticeable public records. *Id.* at 9. Finally, Defendants argue that Plaintiffs' Response fails to address the other defenses raised in Defendants' Motion to Dismiss, "thereby admitting them as a result." *Id.* at 11.

II.     **STANDARD OF REVIEW**

Federal Rules of Civil Procedure 8(a) requires a "short and plain statement of the facts" in order to "give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." While a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a complaint must allege facts sufficient to state a claim of relief that is plausible on its face. *Id*. at 547. A claim is facially plausible if a plaintiff pleads facts allowing the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires more than a "sheer possibility" that a defendant has acted unlawfully. *Id*. An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Id*. Nor will "'naked assertion[s]' devoid of 'further actual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

When subject matter jurisdiction is challenged under Rule 12(b)(1), a plaintiff bears the burden of establishing jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). On a facial attack under Rule 12(b)(1), courts "merely . . . look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

On the other hand, factual attacks that "challenge[] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*. A court "is not confined by the facts contained in

the four corners of the complaint—it may consider facts and need not assume the truthfulness of the complaint." *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006) (emphasis in original).

### III. DISCUSSION

Upon review of the Motion to Dismiss, Plaintiffs' Response, Defendants' Reply, and the arguments presented at the Hearing, the undersigned finds that Plaintiffs' Complaint should be **DISMISSED WITHOUT PREJUDICE.**[4]

#### A. Eleventh Amendment Immunity

Defendants argue that Plaintiffs' Complaint should be dismissed as to the FWC because, as an agency of the State of Florida, it is not only immune from any Section 1983 action, it is also not a person subject to liability under Section 1983. ECF No. [37] at 5–6. Defendants' argument is a correct statement of the law. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989); *see McGinley v. Florida Dept. of Highway Safety & Motor Vehicles*, 438 Fed. Appx. 754, 756 (11th Cir. 2011) (finding that "a state agency is not a 'person' against whom a § 1983 claim may be brought"). As such, to the extent that Defendants are bringing a Section 1983 action against a state agency, the FWC, that claim should be barred. However, as noted below, because it is still somewhat unclear that that is what Defendants seek to do in this case, the Court recommends that the dismissal be without prejudice at this stage so that Plaintiffs can clearly set out the parties and claims alleged against them.

---

[4] During the May 3, 2021 Hearing, the undersigned also considered Plaintiffs' motion requesting an expedited hearing on the basis that "the spring pompano season is rapidly approaching." ECF No. [21] at 4. The undersigned rejected Plaintiffs' request given that the regulations in question have been in place for numerous years and the fact that "pompano season" is approaching is not an adequate basis for granting Plaintiffs' request.

The undersigned notes that Plaintiffs' reliance on *Verizon Maryland, Inc. v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002), for the proposition that the agency as well as its officials can be sued, is misplaced.  In *Verizon Maryland*, plaintiff sought declaratory injunctive relief against the Public Service Commission of Maryland and its individual members in their official capacities.  535 U.S. at 640.  However, contrary to Plaintiffs' argument, the Court in *Verizon Maryland* did not address the state commission's Eleventh Amendment immunity argument.  The Court specifically stated that "whether the Commission waived its immunity from suit is another question we need not decide . . . ."  *Id.*  Indeed, as this Court has held, the *Ex parte Young* exception to the Eleventh Amendment's immunity from suit "applies only in suits seeking declaratory and injunctive relief against state officers in their official capacities . . . and has no application in suits against the States and their agencies, which are barred regardless of the relief sought. . . ."  *Wayne v. Florida Dep't of Corr.*, 157 F. Supp. 3d 1202, 1205 (S.D. Fla. 2016) (internal quotations omitted).

### B.  Standing

Defendants argue that Plaintiffs' Complaint should be dismissed for lack of standing given that Plaintiffs have failed to allege any specific injury, and Plaintiffs are improperly attempting to sue under an entity that is improperly registered.  ECF No. [37] at 6–7.  Plaintiffs contend that they have standing because the "challenged State Pompano Regulations . . . clearly have an economic impact on [] Plaintiffs" and their Notice of Scrivener's Error, ECF No. [39], corrects any problem with the name of the entity that was plead in the Complaint.  ECF No. [41] at 8–10.

To establish standing, a plaintiff must show "(1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision." *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020) (citing *Lujan v. Defs. of*

7

*Wildlife*, 504 U.S. 555, 560–61 (1992)). As an initial matter, Plaintiff FKCFA lacks standing given that FKCFA does not exist—specifically, no such LLC is registered with the Florida Department of State, Division of Corporations. Indeed, Plaintiff FKCFA acknowledges this issue by labeling it as a "scrivener's error"[5] and stating that FKCFA is, instead, a registered fictitious name of Monroe County Commercial Fishermen, Inc. ("MCCF"). ECF No. [39]. On this issue alone, Plaintiff FKCFA would clearly lack standing given that it is litigating under an impermissible name. *See* Fla. Stat § 865.09 (14)(d).

Additionally, Plaintiffs also lack standing because their Complaint, as plead, fails to provide any evidence of actual injury from the regulations or any causal connection to those regulations. For instance, Plaintiffs do not allege whether they have ever fished for pompano in the EEZ or PEZ; whether they own a vessel registered in Florida; whether they have a pompano endorsement or have been denied an application for one; whether they have been held in violation of any of the regulations at issue; or whether they have experienced an economic impact because of the regulations. In the absence of similar allegations that would demonstrate injury to Plaintiffs, the undersigned is unable to find that Plaintiffs' Complaint has properly established standing.[6] Indeed, to the extent that Plaintiffs' Complaint attempts to allege potential injuries sustained by non-parties, such an attempt is insufficient to establish standing. *See Powers v. Ohio*, 499 U.S.

---

[5] The undersigned is not persuaded by Plaintiff FKCFA's characterization of the issue as a scrivener's error. A scrivener's error usually resembles a minor typographical mistake or inadvertence. The undersigned would be hard-pressed to believe that the mischaracterization of a business entity can so easily be characterized as a scrivener's error.

[6] Notably, during the May 3, 2021 Hearing, Plaintiffs alleged that Plaintiff Daniels was arrested for violating the regulations at issue. Although these allegations could factor into an analysis of whether Plaintiffs have standing, Plaintiffs fail to include such allegations in the Complaint.

400, 410 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.").

### C. No Substantial Question of Federal Law

Defendants contend that Plaintiffs lack subject matter jurisdiction because there is no diversity or federal question presented that would give rise to the Court's jurisdiction. ECF No. [37] at 9–10. In Response, Plaintiffs summarily argue that they have subject matter jurisdiction because their action is centered upon, if not controlled by, the Magnuson Act. ECF No. [41] at 10.

Notwithstanding their argument, Plaintiffs' Complaint does not clearly articulate the basis for which this Court derives its subject matter jurisdiction. Given that the parties both reside in Florida, the case is not before this Court on diversity jurisdiction. Instead, Plaintiffs' Complaint appears to hinge on Defendants' violation of the Magnuson Act; however, as plead, Plaintiffs do not clearly articulate how Defendants' actions have violated the Magnuson Act. Plaintiffs' Complaint appears to acknowledge that, in the absence of an FMP, the Magnuson Act only allows states to regulate vessels within the EEZ that are registered to that state. ECF No. [1] ¶¶ 17–18. Additionally, Plaintiffs do not dispute that there is no FMP governing Florida pompano. *Id.* Based on Plaintiffs' acknowledgment of such facts, it is not clear—from Plaintiffs' Complaint—how Defendants' regulation of its residents and Florida registered vessels is violating the Magnuson Act. Without more, the Court is unable to ascertain whether Plaintiffs' allegations involve a substantial federal question. *See Dunlap v. G&L Holding Grp, Inc.*, 381 F.3d 1285, 1291–92 (11th Cir. 2004) ("The fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine whether the plaintiff is entitled to relief will not confer federal subject matter jurisdiction—the implicated federal issue must be substantial.") (emphasis in original) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1,

12 (1983)); *see also Merrell Dow Pharms., Inc. v Thompson*, 478 U.S. 804 813 (1986) ("noting that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction").  As such, the undersigned finds that Plaintiffs' Complaint does not give rise to a dispute or controversy regarding a substantial federal issue, and, therefore, Plaintiffs' Complaint fails to provide the Court with an underlying basis for subject matter jurisdiction.

### D.  Plaintiffs' Complaint Is A Shotgun Pleading

Defendants also argue that Plaintiffs' Complaint should be dismissed because it takes the form of a "shotgun pleading."  ECF No. [37] at 11.  Specifically, Defendants argue that Plaintiffs "cluster several distinct federal claims into Count I."  *Id.* at 12.  Plaintiffs do not address Defendants' claim in their Response.

The Eleventh Circuit has identified four types of shotgun pleadings.  *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015).  The first type "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Id.* at 1321.  The second type is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Id.* at 1322.  The third type "commits the sin of not separating into a different count each cause of action or claim for relief."  *Id.* at 1323.  The fourth type asserts "multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id*.

Here, Count I of the Complaint includes the Supremacy Clause, the Equal Protection Clause, the Commerce Clause, and the Magnuson Act. ECF No. [1] at 7–8.[7] As presently plead, the undersigned finds that it does not adequately provide Defendants with notice of the grounds upon which each claim is based in that all the claims are aggregated into one count. *See Weiland*, 792 F.3d at 1323 (stating that shotgun pleadings "fail to one degree or another. . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests").

### E. Statute of Limitations

Defendants contend that Plaintiffs are time-barred from bringing forth their suit because the "statute of limitations for a § 1983 claim is determined by a state's residual personal injury statute, which is four years in Florida." ECF No. [37]. Defendants contend that, given that the regulations have been in place since 2001, Plaintiffs would have been aware of the pompano regulations years prior to this action and their alleged injury should have been addressed in an action before the expiration of the limitations period. *Id.* at 12. Plaintiffs contend that it is "improper for Defendants to argue a Statute of Limitations in their Motion to Dismiss" because it is an affirmative defense that Plaintiffs are not required to negate in their Complaint. ECF No. [41] at 11.

"Generally, whether a claim is barred by the statute of limitations should be raised as an affirmative defense in the answer rather than in a motion to dismiss." *Spadaro v. City of Miramar*, 855 F. Supp. 2d 1317, 1328 (S.D. Fla. 2012) (citing *Cabral v. City of Miami Beach*, 76 So. 3d 324, 326 (Fla. 3d DCA 2011)). Nevertheless, the statute of limitations may be raised by motion to

---

[7] In addition, the undersigned also notes that it is unclear where Count I of the Complaint begins, as Plaintiffs do not have a title reference to Count I. Instead, their first title reference begins with Count II. ECF No. [1] at 8.

dismiss if the facts on the face of the complaint demonstrate "that the statute of limitations bars the action." *Id.*; *see also Keira v. U.S. Postal Inspection Serv.*, 157 F. App'x 135, 136 (11th Cir. 2005) (stating that a complaint may be dismissed on the basis of a statute of limitations defense only when it is beyond a doubt that a plaintiff can prove no set of facts that toll the statute). "[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time barred." *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal quotations omitted). Given that the Complaint does not state out any allegations as to the injury at issue, Defendants' argument is well taken. Indeed, given the overall deficiency in Plaintiffs' Complaint, the undersigned would be hard-pressed to make any determination as to the statute of limitations argument. Once the Complaint is amended, the Court will be better able to determine whether the statute of limitations defense should be or can be raised at this time.

**F. Failure To State A Claim**

Defendants also contend that Plaintiffs' Complaint should be dismissed for failure to state a claim. Defendants argue that each of Plaintiffs' causes of action—including equal protection, supremacy clause, commerce clause, privileges and immunities clause, and injunctive relief—should be dismissed for Plaintiffs' failure to state a claim. ECF No. [37] at 15–20. Specifically, Defendants contend that Plaintiffs' allegations are entirely deficient "given the Complaint's lack of factual allegations and abundance of conclusory legal assertions." *Id.* at 13. Plaintiffs fail to address any of these issues raised by Defendants.

As previously noted, the basis on which Plaintiffs bring forth their causes of action remains unclear and the Complaint fails to set out each cause of action and the supporting allegations. As such, it is not possible to discern whether any of these causes of action are adequately plead.

### IV.  RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' Motion to Dismiss, ECF No. [37], be **GRANTED,** and Plaintiffs' Complaint be dismissed **WITHOUT PREJUDICE.**

### V.  OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on June 11, 2021.

_____
JACQUELINE BECERRA
United States Magistrate Judge