**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 4:21-cv-10009-JEM/Becerra

TIM RANDOLPH DANIELS,

    Plaintiff,

v.

ERIC SUTTON, EXECUTIVE DIRECTOR
OF THE FLORIDA FISH AND WILDLIFE
CONSERVATION COMMISSION, in his official
capacity,

    Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** came before the Court on Plaintiff's Motion to Correct Record, Withdraw Stay of Discovery, and Order Parties to Confer (the "Motion to Correct"), ECF No. [61], and Plaintiff's Motion to Amend Caption (the "Motion to Amend"), ECF No. [67]. The undersigned conducted a telephonic status conference with the Parties on November 1, 2021 (the "Status Conference") to review various pending matters in the case. ECF No. [81]. Upon due consideration of the Motion to Correct and the Motion to Amend, and being otherwise fully advised in the premises, it is **RECOMMENDED** that the Motion to Correct be **DENIED** and the Motion to Amend be **GRANTED IN PART AND DENIED IN PART**. It is further **RECOMMENDED** that the caption be amended as discussed herein.

In the Motion to Correct, Plaintiff sets forth four grounds for relief. First, Plaintiff seeks leave of the Court to use an amended caption that lists Plaintiff as the sole plaintiff and that adds

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [85].

"State of Florida Fish and Wildlife Conservation Commission, Individual Members in their Official Capacities" as defendants. *See* ECF No. [61] at 1, 3. Second, Plaintiff requests that the Court order the individual members of the Commission to respond to the Amended Complaint. *Id.* at 3. Per the Parties' representations during the Status Conference, however, the Parties subsequently conferred regarding which parties will proceed in the action and now agree that the sole plaintiff in this matter shall be Tim Randolph Daniels, individually, and the sole defendant in this matter shall be Eric Sutton, Executive Director of the Florida Fish and Wildlife Conservation Commission (the "Commission"), in his official capacity. *See* ECF Nos. [67]; [81]. Thus, these requests are now moot.

Third, Plaintiff seeks an order requiring "the parties to confer and attempt to agree on the material issues that will allow the Court to rule on dispositive motions." ECF No. [61] at 3. Given the Parties' representation during the Status Conference that they have met and conferred following the filing of Defendant's Motion to Dismiss Amended Complaint, ECF No. [64], this request for relief is also moot.

Finally, Plaintiff asks that the Court withdraw its Order Staying Discovery, ECF No. [49]. ECF No. [61] at 3. However, as Defendant notes, Plaintiff has not set forth any rationale as to why discovery is needed at this juncture, particularly where the Parties' arguments turn on legal analysis rather than factual disputes. *See* ECF No. [62] at 4–5.

Accordingly, upon due consideration of the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Plaintiff's Motion to Correct, ECF No. [61], be **DENIED.**

In the Motion to Amend Caption, Plaintiff seeks leave of the Court to update the Parties, and accordingly, the caption, in this case. ECF No. [67] at 1. Specifically, Plaintiff seeks leave

of the Court to remove Florida Keys Commercial Fishermens Association, LLC, as a plaintiff, and to add various individual members of the Commission as defendants. *Id.* As discussed *supra* and per the Parties' agreement, it is **RECOMMENDED** that Plaintiff's Motion to Amend, ECF No. [67], be **GRANTED IN PART** as to Plaintiff's request to remove Florida Keys Commercial Fishermens Association, LLC, and **DENIED IN PART** as to Plaintiff's request to add defendants. The caption of the case should reflect that Tim Randolph Daniels, individually, is the sole Plaintiff in this matter and that Eric Sutton, Executive Director of the Commission, in his official capacity, is the sole Defendant in this matter.

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, within **THREE (3) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3–1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida on November 10, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE